UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT E. COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:19-cv-1811 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also filed a motion for a temporary restraining order or preliminary injunction. ECF No. 2.

I.  Three Strikes Analysis

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). ECF No. 4. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

> malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

The complaint admits, and inspection of other cases filed by plaintiff in this court confirms, that at least three cases brought by plaintiff qualify as strikes under § 1915(g). The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

1. Coleman v. CDCR, E.D. Cal. No. 1:09-cv-2192 SKO (complaint dismissed on July 1, 2011, with prejudice for failure to state a claim and held to constitute a strike under 28

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

U.S.C. § 1915(g))

2. Coleman v. California Department of Corrections and Rehabilitation, E.D. Cal. No. 1:11-cv-1587 RRB (complaint dismissed on November 12, 2014, without leave to amend and with prejudice for failure to state a claim and held to constitute a strike under 28 U.S.C. § 1915(g))

3. Coleman v. Moon, E.D. Cal. No. 1:12-cv-1471 DLB (complaint dismissed on January 8, 2014, with prejudice for failure to state a claim and held to constitute a strike under 28 U.S.C. § 1915(g))

All of the preceding cases were dismissed well before the instant action was filed on September 8, 2019, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

Although plaintiff makes conclusory assertions that he under imminent danger of serious physical injury (ECF No. 1 at 8), the most recent conduct he alleges took place in 2016 and at a prison he was no longer housed at when he filed his complaint (id. at 8-19). These allegations do not demonstrate an imminent risk of serious physical injury at the time of filing, and the undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II. Motion for Temporary Restraining Order or Preliminary Injunction

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the

movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

As in the complaint, the most recent conduct alleged in the motion for temporary restraining order or preliminary injunction took place in 2016, and the most recent documentation attached to the motion also dates from 2016. ECF No. 2. Given how long ago the alleged conduct took place, and the age of the supporting evidence submitted, the court cannot find that plaintiff has demonstrated that he is at risk of suffering immediate and irreparable harm and the motion should be denied.

////

III.     Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint.  You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's motions to proceed in forma pauperis (ECF Nos. 4) be denied and plaintiff be ordered to pay the entire $400.00 in required fees within thirty days or face dismissal of the case.

2.  Plaintiff's motion for temporary restraining order or preliminary injunction (ECF No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 28, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE